UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>GURMAIL SINGH,<br><br>Defendant. | 13-CR-408<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On September 17, 2013, Gurmail Singh pled guilty to Count 1 of a five-count indictment, which charged that he made and subscribed a false tax return in violation of 26 U.S.C. § 7206. Counts 2 through 5 were dismissed.

Singh was sentenced on July 9, 2014. Many members of his community were present to provide emotional support and offer financial assistance. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 24 and 30 months. The calculation of the total offense level included a 3-point reduction for acceptance of responsibility based on Singh's agreement to pay restitution and for notifying the government in a timely manner of entering a guilty plea. The offense carried a maximum term of imprisonment of 3 years. *See* 26 U.S.C. § 7206. The guidelines range of fines for this offense is from $5,000 to $50,000. *See* U.S.S.G. § 5E1.2(c)(3). The maximum fine is $250,000. *See* 18 U.S.C. § 3571(b). An order of restitution may be ordered in this case. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Singh was sentenced to three years probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the foreseeable future to pay a fine. Restitution was ordered in the amount of $821,342.62 owed to the government. Upon payment of $200,000 to the government, the balance will be stayed.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 245-46 (2005).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). From 1998 through 2008, Singh owned and operated a construction business located in Richmond Hill, New York. From 2005 through 2008, he received payments by check in excess of $2.9 million for services rendered to clients of his business. He knowingly failed to deposit a substantial number of those checks, instead cashing them through commercial check cashing services.

In 2006, Singh concealed the checks cashed at commercial check cashing services, which made up a substantial portion of his business's gross receipts, from his tax preparers. He also failed to file a corporate income tax return on behalf of his company for the 2008 tax year. During that year, Singh diverted cash receipts from his business for his own personal use. He also failed to file an individual tax return reporting that income.

A calculation of gross receipts and corrected tax liability led to a total due of $821,342.62. An order for restitution in this amount was ordered.

Defendant has no assets. He is seriously ill, taking many medicines, and barely able to get about and articulate clearly. His community has graciously agreed to help him by paying $200,000 towards restitution. The defendant himself has no hope of paying any restitution himself.

A sentence of three years probation reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Imprisonment would be unnecessarily cruel.

Under section 3553(a)(2)(B) of Title 18, there are two major considerations: general and specific deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in making and subscribing a false tax return will result in a substantial amount of restitution and probation. Specific deterrence is achieved through the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his embarrassment to the community. His behavior is abhorrent but is not in accord with his background or the values of his community.

Jack B. Weinstein
Senior United States District Judge

Dated: July 11, 2014
      Brooklyn, New York